OPINION
Plaintiff-appellant State of Ohio appeals the October 10, 2001 Magistrate's Decision/Judgment Entry of the New Philadelphia Municipal Court, which dismissed a pending charge of speeding, in violation of R.C. 4511.21(C), against defendant-appellee Richard L. Platt, Jr.
 STATEMENT OF THE FACTS AND CASE
On August 31, 2001, Lt. Eric Escola of the Ohio State Police cited appellee for driving 58 mph in a 40 mph zone, in violation of R.C.4511.21(C). The citation noted appellee's speed was unsafe for the conditions, and appellee had admitted to the officer he (appellee) was in violation.
Appellee entered a plea of not guilty to the offense at his arraignment on September 12, 2001. The trial court scheduled the matter for a bench trial before the magistrate on September 25, 2001. On the day of trial, appellee appeared without counsel and advised the trial court of his desire to withdraw his previously entered plea of not guilty and enter a plea of no contest. The trial court conducted a Crim.R. 11 colloquy with appellee. After appellee advised the trial court he understood the rights he was giving up by entering a plea of no contest, the trial court stated:
 THE COURT: All right, then I will accept the plea of no contest. However, the Court, reviewing the statute under which you were cited, you were cited under 4511.21(C) of the Ohio Revised Code.
 Judge Space in this court on August the 22nd of this year, in the cases State of Ohio versus Raymond Belknap
and the State of Ohio versus Tiffany Ann Siler, being cases TRD 0006715 and TRD 0006950, Judge Space in that decision overruled a decision made by me which is why I'm so familiar with the ruling and feel it's my obligation and duty to follow the Judge's decision, has ruled that citations under 4511.21(C) fail to state an offense upon which a defendant can be convicted.
 Her having made that decision it's my duty at this time then to acquit the defendant and I will do so.
Tr. 2-3.
Thereafter, the trial court asked the prosecutor if there was any thing else for the record, to which the prosecutor replied, "No, your Honor." Tr. 3. Via Magistrate's Decision/Judgment Entry filed October 10, 2001, the case against appellee was dismissed. The State did not file objections to the magistrate's decision.
It is from this judgment entry the State appeals, raising the following assignment of error:
 WHETHER THE MAGISTRATE COMMITTED AN ABUSE OF DISCRETION BY FAILING TO ACCEPT THE DEFENDANT'S NO CONTEST PLEA TO THE CHARGE OF SPEEDING IN VIOLATION OF OHIO REVISED CODE 4511.21(C).
 I
Herein, the State asserts the trial court abused its discretion in failing to accept appellee's no contest plea. Because the record establishes the trial court did, in fact, accept appellee's no contest plea, we interpret appellant's argument as asserting error of law in the trial court's dismissal of the charge against appellee.
Civ.R. 53(E)(3), which is applicable to objections to a magistrate's decision in the instant action pursuant to Traffic Rule 14, provides,
 (b) Form of Objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
(Emphasis added).
As set forth in our Statement of the Facts and Case, supra, the State did not file objections of the magistrate's dismissal of appellee's case to the trial court. Having failed to do so, the State is barred from assigning such as error to this Court.
The State's sole assignment of error is overruled.
The judgment of the New Philadelphia Municipal Court is affirmed.
By: HOFFMAN, P.J. EDWARDS, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant.